**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH NAIPO, | No. C05-01464 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| COMCAST, | **[Re: Docket No. 25]** |
| Defendant. | |

Presently pending before this court is defendant Comcast's Fed.R.Civ.P. 41(b) motion to dismiss for failure to prosecute. For the reasons stated below, the motion will be GRANTED.[1]

### I.  BACKGROUND

On April 11, 2005, plaintiff Deborah Naipo filed this action for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5). Plaintiff, who is proceeding pro se and in forma pauperis, filed a form complaint alleging that defendant Comcast (1) discriminated against her on the basis of an injury; (2) failed to promote her; and (3) retaliated against her. Comcast denies any discrimination or wrongdoing.

The initial case management conference was set for August 16, 2005. Plaintiff failed to appear. The court issued a written warning admonishing plaintiff to appear for all court hearings and to comply with all federal rules as well as the court's Civil Local Rules. Plaintiff

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

...

was further advised that her future non-compliance could result in the imposition of sanctions, including the dismissal of her lawsuit. The court nevertheless set case management and trial dates based on the parties' joint statement, including a December 16, 2005 fact discovery cutoff and a May 8, 2006 trial date.

On February 7, 2006, this court heard Comcast's motion to compel discovery.[2] Among other things, Comcast argued that plaintiff failed to provide her initial disclosures and failed to appear for her deposition.[3] Plaintiff did not file a written opposition to the motion to compel (as required by the court's Civil Local Rules), but she appeared at the hearing to state her position.

Plaintiff's Fed.R.Civ.P. 26(a)(1) initial disclosures were to have been provided, by agreement, on August 30, 2005. Comcast's motion to compel was denied insofar as plaintiff asserted at oral argument that she had already produced all of her documents, and further stated that she did not have the names of any individuals likely to have discoverable information which she might use to support her claims. Plaintiff was, however, ordered to provide her computation of damages to defendant by February 17, 2006.[4]

As for her deposition, Comcast stated that although plaintiff had been deposed for a few hours on December 16, 2005, the deposition session was cut short to accommodate plaintiff's schedule. There was no dispute that the parties agreed to resume the deposition on January 31, 2006. However, despite notice and further correspondence from defendant confirming the January 31, 2006 date, plaintiff failed to appear. At the hearing on Comcast's motion to compel, plaintiff asserted that she had forgotten about the agreed-upon date because of a death

---

[2] At this hearing the court suggested to plaintiff that she avail herself of the court's Assisted Settlement Conference Program, under which a volunteer attorney would be appointed solely to represent her for a settlement conference. She agreed, and the court ordered it.

[3] Comcast also argued that plaintiff did not respond to Comcast's interrogatories and document requests. Plaintiff failed to serve her responses by the November 28, 2005 deadline. Nevertheless, Comcast's motion to compel as to those requests was denied as moot because plaintiff provided Comcast's counsel with her written interrogatory responses at the motion hearing and further stated that she had turned over all of her documents to Comcast.

[4] Plaintiff expressed some uncertainty as to how to provide that information, and the court explained, in layman's terms, that she needed to tell Comcast's counsel in writing what sums she claims are owed as a result of Comcast's alleged wrongdoing.

2

1  in her boyfriend's family.  Nevertheless, plaintiff acknowledged that she failed to contact
2  defendant about her absence.  The court ordered plaintiff to appear for the resumption of her
3  deposition on February 23, 2006.  Further, to accommodate plaintiff, the deposition was ordered
4  to take place in San Jose.

5  Although fact discovery originally was set to close on December 16, 2005, the court
6  found that plaintiff's delays in responding to Comcast's requests hampered Comcast's efforts to
7  timely complete its discovery.  Accordingly, the court re-set all case management dates,
8  including trial.

9  On February 6, 2006, Comcast filed the instant motion to dismiss pursuant to
10 Fed.R.Civ.P. 41(b), arguing that dismissal was warranted because of plaintiff's failure to
11 prosecute her case.  As of the March 14, 2006 hearing on that motion, plaintiff still had not
12 provided her computation of damages and failed to appear for her court-ordered deposition on
13 February 23, 2006.  Plaintiff did not file or serve responsive papers to the motion to dismiss,
14 and appeared (belatedly) for the motion hearing.  At that time, she explained that she had gotten
15 lost on the way to the deposition.[5]  She acknowledged that she did not provide Comcast with her
16 computation of damages as ordered.  Additionally, she stated that she received, but did not read,
17 defendant's motion to dismiss papers, conceding that there was no reasonable excuse for her
18 failure to read them.  Further, she acknowledged that she was responsible for any consequences
19 of her failure to keep up to date with her lawsuit.

20 In an interim order on Comcast's motion to dismiss, this court found that plaintiff had
21 repeatedly, and unjustifiably, failed to comply with the federal rules, the court's Civil Local
22 Rules and this court's orders.  Plaintiff was advised that although she was representing herself,
23 she was nonetheless obliged to prosecute her case with reasonable diligence and to follow rules
24 that all litigants are required to follow.  The court warned plaintiff that her lack of attention to
25 the instant lawsuit warranted dismissal.

---

[5] Plaintiff asserted that she did, in fact, show up at the deposition, but only after defense counsel had left.  Defense counsel acknowledged that plaintiff called to advise that she would be thirty minutes late; however, defense counsel stated that she left only after plaintiff still had not appeared an hour and a half later.  (See Declaration of Ann Marie Reding in Support of Reply to Non-Opposition to Motion to Dismiss, ¶ 5).

3

Nevertheless, by this time, the court knew that the Alternative Dispute Resolution Unit had already made some effort to move the matter through the court's Assisted Settlement Program. Comcast's motion to dismiss was therefore taken under submission pending the completion of the parties' Assisted Settlement Conference. Additionally, the court (1) ordered plaintiff to provide her computation of damages to Comcast by March 17, 2006; (2) vacated the deadline for hearing dispositive motions (June 6, 2006), the final pretrial conference (July 5, 2006) and trial (July 17, 2006); and (3) kept all other case management deadlines set by this court in its February 7, 2006 order, but stated that Comcast would not be barred from later completing its deposition of plaintiff, notwithstanding that fact discovery was set to close on April 7, 2006.

On May 10, 2006, Comcast filed a supplemental brief in support of its pending motion to dismiss. In that brief, Comcast stated that it still had not received plaintiff's computation of damages and that she failed to respond to Comcast's subsequent efforts (by telephone and written correspondence) to secure the same. (See Declaration of Ann Marie Reding in Support of Supplemental Briefing Re Motion to Dismiss, ¶¶ 3-10).

The parties participated in an Assisted Settlement Conference on July 7, 2006. The case did not settle. Although the minute entry for the settlement conference indicated that the parties' settlement discussions were "ongoing," plaintiff's volunteer settlement lawyer was, at her request, released of any further obligation to plaintiff on July 14, 2006.

On August 4, 2006, this court issued an order setting an August 22, 2006 status conference and directed the parties to file a joint status report by August 15, 2006. Defendant filed a status report. Plaintiff did not do so, and does not deny that she failed to respond to Comcast's efforts to obtain her input as to its proposed report.[6] She made a belated appearance at the August 22, 2006 status conference to state her position.

---

[6] Plaintiff complained that she did not learn about Comcast's proposed status report until a few days before the conference because Comcast mailed it to her mother's address at 503 Chateau La Salle, San Jose, CA 95111. However, that is the address plaintiff has provided to Comcast's counsel and to the court, representing that it is the most reliable place to direct communications to her. It is plaintiff's responsibility to ensure that she regularly and timely checks her mail sent to that address.

4

Plaintiff still has not provided Comcast with the court-ordered computation of damages. Moreover, Comcast claims that plaintiff failed to cooperate with efforts to resume and complete her deposition following the Assisted Settlement Conference. Here, Comcast says that it noticed her deposition for July 28, 2006 and provided six alternate dates for her deposition if July 28, 2006 was not feasible. (See Comcast Status Report, Ex. B). Plaintiff did not appear on July 28, 2006 and did not contact defense counsel or the court reporter. For her part, plaintiff asserted that, on or about the day suggested for her continued deposition, her son became seriously ill and required a CAT scan. Nevertheless, she acknowledged that she failed to contact Comcast's counsel about it; and, Comcast states that it received no response or communication of any kind from plaintiff since the settlement conference.

The parties confirmed that settlement is no longer being discussed, and Comcast has renewed its request to have its pending motion to dismiss granted for plaintiff's failure to prosecute her case.

## II.  LEGAL STANDARD

Rule 41 of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED.R.CIV.P. 41(b). Rule 41(b) requires that federal actions be prosecuted with "reasonable diligence" in order to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).

"Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'" Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004) (quoting Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996)). In determining whether such a dismissal is warranted, "the district court must consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

5

### III. DISCUSSION

Analysis of the relevant factors weighs in favor of dismissal here. With respect to the court's need to manage its docket, plaintiff's delays in responding to discovery made it necessary for this court to vacate and re-set its case management dates, including the close of discovery and trial. (*See* February 7, 2006 Order Granting in Part and Denying in Part Defendant's Motion to Compel). Similarly, the court finds that dismissal will serve the public interest in the expeditious resolution of litigation because plaintiff's repeated and ongoing failures to comply with her discovery and disclosure obligations, as well as this court's orders, have resulted in a standstill in this case.

Moreover, the court finds that the risk of prejudice to defendant warrants dismissal. The failure to diligently prosecute a case "is sufficient by 'itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.'" Eisen v. Moneymaker, 31 F.3d 1447, 1452 (9th Cir. 1994) (quoting Anderson, 542 F.2d at 524). However, the Ninth Circuit has also stated that "'[w]hether prejudice is sufficient to support an order or dismissal is in part judged with reference to the strength of the plaintiff's excuse'" for the failure to diligently prosecute. Yourish, 191 F.3d at 991 (quoting Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). Plaintiff has, at various times throughout this lawsuit, provided the court with a number of explanations for her failures to comply with the applicable rules and court orders. Her explanations have concerned reported issues in her personal life, including the apparent foreclosure of her home. It may be that plaintiff has been experiencing personal difficulties.[7] Nevertheless, throughout the course of this litigation, plaintiff apparently has made little – if any – efforts to communicate these issues to Comcast's counsel, except to the extent she is called upon to answer for her conduct in court after the pertinent deadline(s) have already passed. The record before this court indicates that Comcast has been hampered from proceeding with its discovery and that its counsel has expended some time and effort arranging deposition sessions for which plaintiff never appeared.

---

[7] Curiously, the reported events almost invariably occur on or near a court-ordered or other deadline.

6

1   Perhaps of greatest concern to this court, however, is that at the most recent status
2   conference on August 22, 2006, plaintiff refused to comply with this court's prior orders (i.e.,
3   the damages computation and the deposition appearance), indicating that she has "too much
4   drama" in her life to properly deal with this lawsuit.  As previously noted by this court,
5   although plaintiff is representing herself, she is responsible for diligently prosecuting her case
6   and for adhering to rules that all litigants are required to follow.  See King v. Atiyeh, 814 F.2d
7   565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as
8   represented parties).  The public policy favoring disposition of cases on their merits always
9   weighs against dismissal; and indeed, the court generally prefers to resolve matters on the
10  merits.  However, it cannot condone the repeated – and willful – failure to comply with its rules
11  and orders that has resulted in a standstill of this litigation.

12  Finally, this court does not find that lesser alternative sanctions will correct the problem.
13  Monetary sanctions will not be effective because plaintiff asserts that she is impecunious.  In
14  view of plaintiff's conduct throughout these proceedings, this court's prior verbal and written
15  admonitions have been fruitless.

16  At the August 22, 2006 status conference, plaintiff nevertheless asserted that she found
17  an attorney who has agreed to represent her in this matter – although she did not know his name
18  and acknowledged that she has not actually signed a retainer agreement.  She stated that the
19  attorney in question is currently on a two-week vacation, but said that he should be able to enter
20  an appearance on her behalf upon his return.

21  This court has no real assurance that plaintiff has, in fact, secured counsel to represent
22  her in this action.  And, given plaintiff's ongoing refusal to comply with the court's rules and
23  orders, this court concludes that this action should be dismissed for failure to prosecute.
24  However, in view of plaintiff's representation that she has found an attorney to represent her in
25  this action, the court will stay its order of dismissal until September 29, 2006.  **Plaintiff is**
26  **advised that if she has secured an attorney, and that attorney files and serves a Notice of**
27  **Appearance before September 29, 2006, then this order of dismissal will be vacated.**
28  **However, if no Notice of Appearance is filed by plaintiff's attorney before September 29,**

7

1 **2006, then on September 29, 2006 this order of dismissal shall go into effect, this case will**
2 **be dismissed and the file will be closed**.

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT Comcast's motion to dismiss is GRANTED.  However, the court will stay this order until **September 29, 2006**.  If plaintiff has secured an attorney, and that attorney files and serves a Notice of Appearance before September 29, 2006, then this order will be vacated.  If no Notice of Appearance is filed by plaintiff's attorney before September 29, 2006, however, then on September 29, 2006 this order shall go into effect, the case will be dismissed, and the Clerk shall close the file.

Dated:   August 31, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**A copy of this order will be mailed to:**

Deborah Naipo
503 Chateau La Salle
San Jose, CA 95111

Ann Marie Reding
Fisher & Phillips LLP
501 Fourteenth Street, Suite 200
Oakland, CA 94612

Timothy J. Murphy
Fisher & Phillips LLP
510 Fourteenth Street, Suite 200
Oakland, CA 94612

Dated:   8/31/06                             _____/s/ KC_____
                                             Chambers of Magistrate Judge Lloyd